IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUTFEE ABDUL-WAALEE, The Descendants of Slaves that were kidnapped from their land and brought to America to be purchased and sold to create an economy and a nation, that their labor would produce that eventually be The United States of America, Reparation Action Party,<br><br>    Plaintiff,<br><br> vs.<br><br>DONALD TRUMP, Chief Executive Officer; UNITED STATES SENATE; UNITED STATES HOUSE OF REPRESENTATIVES; and UNITED STATES SUPREME COURT.<br><br>    Defendants. | 2:20-CV-01033-CCW |

## **ORDER**

  Plaintiff, who is proceeding *pro se*, filed the Complaint on July 10, 2020. ECF No. 1. Plaintiff filed a request to enter default against Defendants on November 3, 2020. ECF No. 7. As more fully explained in the Court's November 12, 2020 Order, ECF No. 8, as of that time, Plaintiff had not demonstrated that he had properly served Defendants pursuant to Federal Rule of Civil Procedure 4(i)(1)(A) and (B), and had not served Defendants within the 90-day window for service set forth by Federal Rule of Civil Procedure 4(m). The Court therefore ordered Plaintiff to properly serve Defendants under Rule 4(i)(1)(A) and (B) by December 4, 2020. ECF No. 8.

  On November 25, 2020, Plaintiff responded to the Court's November 12, 2020 Order by filing documents that appeared to be the sender's certified mail receipt for a parcel mailed to William Phellam Barr [sic] and a parcel that was mailed to Scott W. Brady, each laid over a copy

of a United States Postal Service package tracking sheet; and a document that appears to be titled "Summons in a Civil Action" which lists this case's civil action number, 2:20-cv-1033 but that lists "United States of America, William Pelham Barr, Scott W. Brady" as the defendants. ECF No. 11-1, at page 2. The document that appears to be a summons is unsigned and undated on the first page. *Id*. The second page, which does not include any heading to identify the case, specifically contains the signature of a Court staff member and is dated August 19, 2020. ECF No. 11-1, at page 3. There is no indication from the docket that the Court Clerk's office issued any summons in this case, on August 19, 2020 or otherwise. Plaintiff also enclosed what appears to be a complaint that lists "United States of America, William Pelham Barr, Scott W. Brady" as defendants but lists this case's civil action number. ECF No. 11-1, at page 4. The complaint enclosed at ECF No. 11-1, at pages 5–7 seems to discuss problems with service of the initial Complaint (ECF No. 1) and asserts that the filing at ECF No. 11 should cure the defective service. *See generally*, ECF No. 11-1. Neither ECF No. 11 nor ECF No. 11-1 contains an affidavit of service or contains the certified mail return receipt indicating the individual who received service.

On December 8, 2020, the Court issued an order striking documents proffered at ECF No. 11-1 because the summons was never issued properly. ECF No. 13. This Court ordered Plaintiff to request a summons this action, serve the summons and copy of the complaint on Defendants in accordance with Federal Rule of Civil Procedure 4(i), and file with the Court a Proof of Service attaching evidence that Plaintiff complied with the service requirements of Rule 4(i) on or before December 30, 2020. ECF No. 13.

On December 21, 2020, Plaintiff filed correspondence with the Court indicating that he received the Court's December 8, 2020 Order and "when I was first given this assignment, I did

not feel that this government was worth the ink and paper it would take to be given notice" but that he would "play this little ches[s] game[.]"  ECF No. 15.

On December 29, 2020, Plaintiff once again filed a document that appeared to be the sender's certified mail receipt for a parcel mailed to William Phellam Barr and a parcel that was mailed to Scott W. Brady, each laid over a copy of a United States Postal Service package tracking sheet.  ECF. No. 16;  ECF No. 16-1.  The filings at ECF No. 16 and ECF No. 16-1 do not contain a return receipt that was signed by the recipient or an affidavit of service.

On January 13, 2021, the Court ordered Plaintiff to properly serve the defendants in accordance with Federal Rule of Civil Procedure 4(i)(1)(A)–(B) and file with the Court proof of proper service that complies with Federal Rule of Civil Procedure 4(l) as to all of the defendants on or before February 3, 2021.  ECF No. 17.

On January 22, 2021, Plaintiff filed correspondence with the Court, ECF No. 18, in which he stated that "[w]ith the new administration coming in we will withdraw this petition as of this date January 22nd, 2021."  *Id.*  The Court construes Plaintiff's January 22, 2021 correspondence as a voluntary dismissal as to all defendants.  The case is therefore dismissed without prejudice.

DATED this 5th day of February, 2021.

                                           BY THE COURT:

                                           /s/ Christy Criswell Wiegand
                                           CHRISTY CRISWELL WIEGAND
                                           United States District Judge